UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE: | ) | CASE NO. 11-20120 (ASD) |
|  | ) |  |
| BRIAN KOSAKOWSKI, | ) | CHAPTER 7 |
|  | ) |  |
| DEBTOR | ) | RE: ECF NO. 18 |

**BRIEF MEMORANDUM AND ORDER OVERRULING TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS**

The Debtor, Brian Kosakowski, commenced the captioned bankruptcy case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on January 18, 2011 (hereafter, the "Petition Date"). Anthony S. Novak, Esq., was duly appointed as the Chapter 7 Trustee (hereafter, the "Trustee"). In accordance with the structured settlement of a personal injury action, the Debtor received (1) payment, in 2005, of a lump sum of $75,000 and (2) a structured settlement annuity[1] (hereafter, the "Annuity"), providing for a single deferred payment to the Debtor of $39,686.62 (hereafter, the "Face Amount") on April 23, 2015 (hereafter, the "Maturity Date"). The matter presently before the Court is the *Trustee's Limited Objection to Debtor's Amended Claim of Exemptions* (hereafter, the "Objection"), ECF No. 18, objecting to the Debtor's claim of exemption in the Annuity.

The Debtor, who has elected to utilize the federal exemption scheme set forth in §522(d), claims an exemption in the Annuity of up to $30,403.58, consisting of $21,625.00 under §522(d)(11)(D) ("a payment, not to exceed $21,625, on account of personal bodily

---

[1] Although the structured settlement provides for only one post-petition payment, as the parties have referred to it as the "Annuity," the Court will do likewise.

injury....") and $8,778.58 under §522(d)(5) (the balance available under the so-called "wild card" exemption).  In the Objection, the Trustee does not dispute the availability of the claimed exemption amounts, but argues that he is entitled to keep the bankruptcy estate open until the Maturity Date; receive into the estate the full Face Amount then due; pay the Debtor $30,403.58, equal to the dollar amount of the claimed exemptions; and distribute the balance to the unsecured creditors.  The Debtor argues that the exemption be applied to the Annuity's fair market value on the Petition Date, not its Face Value on the Maturity Date.

On May 5, 2011, the matter came before the Court for a hearing at which counsel for the Debtor appeared and orally objected. That same day the Court entered an *Order Scheduling an Evidentiary Hearing on Trustee's . . . Objection to . . . Exemptions* (hereafter, the "Order"), ECF No. 31, determining therein that an "evidentiary hearing is necessary to in order to establish the "fair market value [of the Annuity] as of the date of the filing of the petition", 11 U.S.C. §522(a)(2)" and scheduling an evidentiary hearing to establish such value.[2] The Trustee and the Debtor appeared at such hearing (hereafter, the "Hearing"), held on August 17, 2011, at which the Debtor testified credibly that he had sought offers to purchase the Annuity from three companies in the business of purchasing structured settlements, and that the highest offer he received was slightly less than $26,000.

Sections 541 and 522, the provisions of the Bankruptcy Code concerning property

---

[2]The initial date for the evidentiary hearing was set by the Court without prejudice to the parties to seek a modification thereof.

of the estate and exemptions, support the Debtor's position that the appropriate valuation date is the Petition Date. Section 541(a)(1) provides for inclusion in the bankruptcy estate of "all legal or equitable interests of the debtor in property *as of the commencement of the case.*" *Id.* (emphasis added). Because the Debtor's interest in the Annuity arose prepetition, the Annuity became property of the estate on the petition date, notwithstanding its provision for deferred payment. For purposes of §522, the "value" of the Annuity means its " fair market value as of the date of the filing of the petition." 11 U.S.C. §522(a)(2); *see also, Collier on Bankruptcy*, ¶522.03 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) ("[T]he fact that the value of the property that the debtor seeks to exempt has changed since the filing of the petition will not affect the amount of property that the debtor may exempt."). "The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." *United States v. Cartwright*, 411 U.S. 546, 551, 93 S.Ct. 1713, 1716 (1973) (citation and internal quotation marks omitted).

The Trustee, as "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). At the Hearing, the Trustee reiterated his argument that the valuation date should be the Maturity Date. He presented no evidence as to the fair market value of the Annuity as of the Petition Date. As the Trustee's position that the valuation date should be the Maturity Date is contrary to the applicable Bankruptcy Code provisions, and as the Trustee failed to present any evidence as to the fair market value of the Annuity as of the Petition Date, he has not met his burden of proof.

3

Based on the only evidence of value presented at the Hearing, the Debtor's testimony, the fair market value Annuity as of the Petition Date is determined to be $26,000 in accordance with which it appears that the Debtor's claimed exemption of $30,403.58 is sufficient to remove the entire Annuity from the property of the estate. *See Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835 (1991) ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."). Accordingly,

**IT IS HEREBY ORDERED** that the *Trustee's Limited Objection to Debtor's Amended Claim of Exemptions*, ECF NO. 18, is **OVERRULED.**

Dated: August 24, 2011                                            BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge